## GEORGE MANDELL
### vs.
## LIQUOR CONTROL COMMISSION

Superior Court          Fairfield County          File #46178

Present:  Hon. JOHN RUFUS BOOTH, Judge.

| | |
|---|---|
| John V. Donnelly, | Attorney for the Plaintiff. |
| Attorney General, | Attorney for the Defendant. |

**MEMORANDUM FILED MAY 6, 1935.**

BOOTH (JOHN RUFUS), J.  This is an appeal from the Liquor Control Commission in refusing a restaurant permit to the appellant.  It appears that at the hearing before the Referee of the several grounds originally made the basis of the refusal of the Commission only that claiming that the place of business of the appellant did not fulfill the definition of a restaurant was urged.

It appears from the report that the place is suitable and

in other regards conforms with the structural requirements of the Commission, but it was contended that because only a small amount of food was kept on hand at certain times, and that a majority of the appellant's business was that of catering the restaurant aspect of his occupation was of such a minor nature as to deprive him of compliance with the definition contained in the Statute.

Certain rules of the Commission were submitted to the Court which seem to impose the condition that the business conducted should be "primarily" that of serving meals to the public. It cannot be contended that these rules can in any way modify the Statute. Section 7 of Cumulative Supplement 670-B defines a restaurant without such limitation to be ". . . . any space . . . . kept, maintained, advertised or held out to the public, to be a place where meals are served without sleeping accommodations . . . ." This is the essential of the definition and in none of the limitations is the relative amount of restaurant business to that of other business made a condition of compliance with the definition.

It is therefore determined that under the facts found in the report of the Referee the appellant's place of business is a restaurant within the meaning of the above cited section of the Statute, and that the action of the Commission in refusing a permit to the appellant was unjustified.

For the foregoing reasons the report of the Referee is accepted, the appeal sustained and the Liquor Control Commission is hereby ordered to issue the permit applied for.